A. B. FORNCROOK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MABEL N. THOMPSON, EXECUTRIX OF THE WILL OF WILLIAM H. THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11195, 11196. Promulgated July 13, 1928.

*Maynard Teall, Esq.,* for the petitioners.
*Thomas P. Dudley, Jr., Esq.,* for the respondent.

OPINION.

LOVE: The sole issue in this appeal arises out of the computation of gain or loss from certain sales of coal rights. In addition to the cost, which is undisputed, there is a question of the value, if any, to be assigned to a gift to petitioners of rights in the coal by W. Harry Brown.

In 1919 and 1921 the petitioners sold rights to two valuable veins of coal, together with surface rights incident to the mining of the coal, and also releases from liability for damage to the surface. The interests held by the petitioners had been acquired in part from the owners of the surface by option agreement to purchase rights to the coal and to the use of the surface and in part by quitclaim deeds from five individuals. The quitclaim deed from W. Harry Brown, one of the five individuals, conveyed his interests in various tracts exceeding in extent in the aggregate, 500 acres, and was without consideration other than Brown's friendship for one of the petitioners and his desire to see the coal deposits developed. Petitioner contends that a value should be determined for the rights which Brown conveyed to petitioners and such value should be deducted from the proceeds of the sales in computing the amount of gain or loss for income-tax purposes. The parties are in agreement in principle. Article 1562 of Regulations 45 and article 1563 of Regulations 62 provide for the procedure contended for by petitioners. However, in his letter to Forncrook dated August 8, 1925, respondent states, " No value has been allowed for the gift of W. Harry Brown in determining the profit from sales in 1919 and 1921 " and in the deficiency letter he states, " The information furnished has been carefully considered and the value of the Freeport coal as previously determined by this office, has been sustained as was explained to you in office letter dated August 8, 1925."

In an able and lengthy argument petitioners contend that they have fully sustained the burden of proof. Possibly this would be so were the issue whether Brown had some sort of an interest in the coal deposits, but the issue is not exactly that. The question requires a determination of the amount of value which may be attributed to whatever rights Brown conveyed to the petitioners. The record does not support a claim that Brown held clear and undisputed title to

the coal. Certain of the optionors were apparently claimants to the coal and they had undertaken in the option agreements to furnish warranty deeds conveying title clear of incumbrances. Whether the four parties from whom quitclaim deeds were obtained were rival claimants to Brown we do not know. With nothing more than the deed of the coal to Brown in 1884, his quitclaim deed to Forncrook, and Forncrook's testimony that he was orally informed by the title company that the coal " stood in the name of Brown " and he had " acquired options from the wrong parties " we are uncertain of the extent of the rights which remained in Brown after so many years. The Pittsburgh vein which Brown formerly actively mined had long since been exhausted and there is no evidence of any further operations on his part. A valuation witness for the petitioners testified to his opinion that the Freeport coal with full rights was worth $700 per acre and the proportional value attributable to waivers of surface damage such as the petitioners secured under the options was about 15 per cent thereof, but his opinion does not satisfactorily account for the full amount of the price of $200 per acre actually paid in exercising the options or for the fact that the purchase price was paid to the optionors even though petitioners contend that Brown was deemed to own the coal. We are not convinced that Brown conveyed to Forncrook interests of any such value as $300 to $500 per acre as claimed by the petitioners, and we do not see that there is a basis for the definite determination of any amount of value thereof.

*Judgment will be entered for the respondent.*